**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **MOISES MARTINEZ, et al.** | * | |
| | * | |
| **v.** | * | **Civil No.  DKC 13-1563** |
| | * | |
| **CAPITOL DRYWALL, INC., et al.** | * | |
| | * | |

## REPORT AND RECOMMENDATION

This case was referred to me pursuant to 28 U.S.C. § 636(b) and Local Rule 301.6 for review of Plaintiffs' Motion for Judgment by Default against Defendant Hector Vitela.  ECF No. 39.  Defendant was properly served, ECF No. 5, failed to plead or otherwise respond to the complaint, and the Clerk of the Court entered default against him.  ECF No 15.  For the following reasons, I recommend that Plaintiffs' motion be granted.

**1.     Background.**

On May 30, 2013, Plaintiffs filed this complaint, amended on September 25, 2013, alleging that they were employed by Defendant in his capacity as owner, agent or principal of then co-Defendant Capitol Drywall, Inc.  ECF No. 4 at ¶¶ 17, 26-28.  The complaint alleges that Plaintiffs regularly worked more than forty hours per week but were not compensated at the required overtime rate in violation of the Fair Labor Standards Act (FLSA) (Count I) and the Maryland Wage and Hour Law (MWHL) (Count II), and alleges that Plaintiffs were not paid all wages due in violation of the Maryland Wage Payment and Collection Law (MWPCL) (Count III).  29 U.S.C. § 206(a)(1)(c); MD. CODE ANN., LAB. & EMPL. § 3-413(a)(1)(i), § 3-502.  A fourth count states a claim in quantum meruit.  I recommend that judgment be entered in the amounts explained below.

2.    **Analysis.**

   a.  **Liability.**

In determining whether to award default judgment, the court takes as true the well-pleaded factual allegations in the complaint as to liability.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).  Where the Defendant has not sought to set aside the default as provided by Federal Rule of Civil Procedure 55(c), or suggested in any way that he has a meritorious defense, the standard for default judgment has been satisfied.  *Fanning v. Hotel Mgmt. Advisors-Troy, LLC*, 282 F.R.D. 280, 283 (D. D.C. 2012).

Plaintiff has pled facts which establish Defendant's liability as to all counts.  Section 207 (a)(1) of Title 29 of the United States Code, and section 3-413 of the Maryland Code, Labor and Employment Article, mandate payment of time and a half for each hour in excess of forty per week.  The complaint and affidavits accompanying the motion for default judgment establish that Defendant is Plaintiffs' employer for purposes of these statutes because he had the power to hire and fire, determine wages, set schedules, and manage the project.  ECF No. 39 at Ex. 1 ¶ 5, Ex. 2 ¶ 5, Ex. 3 ¶ 5, Ex. 4 ¶5 Ex. 5 ¶ 5 Ex. 6 ¶ 5; *see Brock v. Hamad*, 867 F.2d. 804, 809 n.6 (4th Cir. 1989); *Marroquin v. Canales*, 505 F. Supp. 2d 283, 299 (D. Md. 2007).  Each Plaintiff's affidavit sets forth the dates and hours he worked.[1]  The complaint also alleges that Defendant failed to compensate Plaintiffs at the legally required overtime rate.  ECF No. 4 at ¶ 31.

The motion for default judgment contains Plaintiffs' sworn Declarations, which corroborate the allegations in the complaint regarding Defendant's employer status for purposes of the Federal and Maryland wage laws.  Each Declaration sets forth the individual Plaintiffs' employment dates, the number of hours worked each week, and attests that the hours noted on their pay stubs were not accurate.  Each Declaration attests that the unpaid wage calculations

---

[1] One plaintiff, Fidencio Membreno, does not seek judgment against this Defendant.  ECF No. 39-1 at 1 n.1.

prepared by Plaintiffs' counsel accurately reflect the amount of unpaid wages to which he is entitled.  Defendant has not responded to or rebutted these allegations.  Accepting Plaintiffs' well-pled allegations as true, I find that liability has been established and that the court should enter judgment against Defendant as to Counts I, II, and III.

Quantum meruit, alleged in Count IV, permits recovery in the absence of a contract where circumstances justify a recovery as though there had been a contract.  *Swedish Civil Aviation Admin. v. Project Mgmt. Enters., Inc.*, 190 F. Supp. 2d 785, 790 (D. Md. 2002).  The motion for default judgment does not reference this count, and in any event, Plaintiffs are entitled to recover under Counts I-III and may not recover twice for a single injury.  *United States v. Rachel*, 289 F. Supp. 2d 688, 697 (D. Md. 2003).  The court thus should not enter judgment as to this count.

**3.     Damages.**

If the court finds that liability is established, it should then determine appropriate damages.  *Agora Fin. Inc. v. Samler*, 725 F. Supp. 2d 491, 494 (D. Md. 2010) (citing *Ryan*, 253 F.3d at 780-81).  The court must make an independent determination of damages.  *Id.*  Where, as here, the plaintiffs submit affidavits and documentary evidence which are sufficient to establish the amount that should be awarded, no hearing is necessary.  Fed. Rule Civ. P. 55(b)(2); *General Ins. Co. v. O'Keefe*, 275 F. Supp. 107, 109 (D. Md. 1967).  Instead, the court may rely on the affidavits and other evidence to determine the appropriate sum to award.  *See Fanning*, 282 F.R.D. at 283 (quoting *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D. D.C. 2001)); *see also United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979).  In a wage case, when the employer breaches his obligation to keep records, the court can rely on the employees' evidence to draw a just and reasonable inference as to the number of hours worked.  *McLaughlin v. Murphy*, 436 F.

Supp. 2d 732, 737 (D. Md. 2005).  The employees do not have to prove each hour with absolute accuracy.  *Pforr v. Food Lion, Inc.*, 851 F.2d. 106, 108 (4th Cir. 1988); *see also Orellana v. Cienna Prop., LLC*, No. 11-cv-02515, U.S. Dist. LEXIS 7459, at *5 (D. Md. May 23, 2012).  Rather, where the employer fails to rebut the employee's evidence, that evidence may form the basis of a damages award.  *McLaughlin*, 436 F. Supp. 2d at 737; *Donovan v. Kentwood Dev. Co., Inc.*, 549 F. Supp. 480, 485-86 (D. Md. 1982).

Plaintiffs' Declarations set forth the number of hours worked each week.  Their counsel's affidavit explains how she calculated unpaid wages based on Plaintiffs' paystubs and statements regarding the number of hours they worked and their contracted hourly rates.[2]  Absent additional records or other rebuttal from Defendant, each Plaintiff's evidence and counsel's calculations should be accepted as the basis for the amount of damages to which each Plaintiff is entitled.  Thus, the total damage award for unpaid overtime should be $81,860.40.

The FLSA also provides for an award of an amount equal to the unpaid wages as liquidated damages, 29 U.S.C. § 216(b).  The MWPCL has recently been interpreted to permit a successful plaintiff to recover treble damages for unpaid overtime absent a bona fide dispute over their entitlement to those wages, *see Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 653-54 (2014); *see also Marshall v. Safeway, Inc.* 437 Md. 542, 560-61 (2014).  Plaintiffs seek treble damages here based on Maryland law.  However, the Maryland decisions, dated March 26, 2014, and August 13, 2014, post-date both the filing of the Amended Complaint and the Clerk's entry of default against Defendant.  ECF Nos. 4, 12.  Previously, this Court had held that the enhanced damages award under the MWPCL applied only to disputes concerning timing of wage payments and payments deriving from cessation of employment, not failure to pay overtime.  *See*

---

[2] Because Plaintiffs reached a settlement with Defendant Capitol Drywall, counsel also deducted each Plaintiff's share of the settlement proceeds from the amount owed.

*McLaughlin*, 372 F. Supp. 2d at 474-75.  Thus, Defendant lacked notice at the time of his default that he could be liable for treble damages for unpaid overtime.  The court should instead award liquidated damages for unpaid overtime under the FLSA.[3]

## 4.    Attorney's Fees.

The payment of attorney's fees and costs to employees who prevail on FLSA claims is mandatory, 29 U.S.C. § 216(b),[4] while the amount awarded is discretionary.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (4th Cir. 1983); *Burney v. Short*, 730 F.2d 136, 141 (4th Cir. 1984) (citing *VanDyke v. Bluefield Gas Co.*, 210 F.2d 620, 622 (4th Cir. 1954)).  To recover attorney's fees and costs, a plaintiff must be a "prevailing party," a threshold question for which the Court accords a "generous formulation."  *Hensley*, 461 U.S. at 433.[5]  A plaintiff is a prevailing party for the purpose of attorney's fees if the plaintiff succeeds "on any significant issue in litigation which achieves some of the benefit . . . sought in bringing suit."  *Id.* at 433 (citation omitted).  In a wage case, a default judgment renders the plaintiffs prevailing parties for purposes of a fee award.  *See Orellana*, U.S. Dist. LEXIS 7459, at *19.

Once a plaintiff has shown that he is a prevailing party, the court must determine what fee is reasonable.  *Hensley*, 461 U.S. at 433.  The starting point to establish the proper amount of an award is the lodestar, "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate."  *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 174 (4th Cir. 1994) (citing *Hensley*, 461 U.S. at 433).  "When plaintiff prevails on only some of the claims

---

[3] Treble damages for other unpaid wages under the MWPCL would be appropriate since Plaintiffs allege that there was no bona fide dispute as to the wages to which they were entitled, ECF No. 4 at ¶ 51, but Plaintiffs' calculations do not include any such wages.

[4] In an FLSA action, "[t]he court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  29 U.S.C. § 216(b).

[5] Although *Hensley* explains the standards of "prevailing party" under 42 U.S.C. § 1988, it extends the standards to "all cases in which Congress has authorized an award of fees to a 'prevailing party,'" 461 U.S. at 433 n.7, such as the FLSA.

made, the number of hours may be adjusted downward; but where full relief is obtained, the

plaintiff's attorney should receive a fully compensatory fee . . . ." *Rum Creek*, 31 F.3d at 174

(citing *Hensley*, 461 U.S. at 435).  The court must adjust the number of hours to delete

duplicative or unrelated hours, and the number of hours must be reasonable and represent the

product of "billing judgment."  *Rum Creek*, 31 F.3d at 175.  To determine the reasonableness of

the number of hours and the hourly rate, the court considers twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the
> questions; (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of employment by the attorney due to acceptance of
> the case; (5) the customary fee; (6) whether the fee is fixed or
> contingent; (7) time limitations imposed by the client or the
> circumstances; (8) the amount involved and the results obtained; (9)
> the experience, reputation, and ability of the attorneys; (10) the
> "undesirability" of the case; (11) the nature and length of the
> professional relationship with the client; and (12) awards in similar
> cases.

*Id*. (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974));

*Daly v. Hill*, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986).  The prevailing parties bear the burden of

providing affidavits detailing hours spent, rates charged, and independent evidence that these

rates are consistent with market rates.  *See Blum v. Stenson*, 465 U.S. 886, 888 (1984).  The party

opposing the fee award has the burden to challenge the reasonableness of the requested fee, and

a decrease in a fee award may not be based on factors not raised by the opposition.  *Rode v.

Dellarcipete*, 892 F.2d 1177, 1183 (3rd Cir. 1990).

Plaintiffs obtained full relief and are entitled to a fully compensatory fee.  Plaintiffs'

counsel, Monisha Cherayil, submits an Affidavit which outlines the hours expended on this case.

ECF No. 39-14.  This submission conforms with the category requirements of Appendix B to

this court's Local Rules.  Ms. Cherayil attests that a senior attorney supervised the case to avoid

overstaffing or duplication of work and that billing judgment was exercised to waive fees for

approximately 20% of the hours expended  She also attests that the request is based on detailed time records.  *Id.* at ¶ 10.  The fee request is $33,833.00, minus $18,000.00 received from the settlement with the co-Defendant, for a total request from this Defendant of $15,833.00.

The number of hours expended is not disputed and appears reasonable.  Accordingly, I recommend that the court award the number of hours claimed.  The court should set an hourly rate based on the *Johnson* factors and the court's guidelines for determining reasonable hourly rates.  *See* Appendix B, Local Rules (D. Md.).  Plaintiffs seek $190 per hour for Ms. Cherayil and Ms. Rosenblatt, admitted to the bar for less than five years at the time they worked on the case.  ECF No. 39-14 ¶¶ 2, 4.  They seek $350 per hour for Ms. Dworak-Fisher, admitted to the bar for more than fifteen years, $270 per hour for Ms. Vaughn, admitted to the bar for more than five years, and $105 per hour for legal assistants Ms. Walsh and Ms. Boss.  *Id.*  These rates fall in the mid-range of this court's guidelines, are reasonable, and are not disputed.  Accordingly, they should be awarded.

Finally, Plaintiff seeks costs for the filing fee, mailing expenses, telephone expenses, facsimile, travel, and copying and printing, totaling $700.80.  *Id.* at ¶ 13.  District courts have discretion to determine the costs that will be taxed against losing defendants in FLSA cases pursuant to 29 U.S.C. § 216(b).  *Roy v. County of Lexington, South Carolina*, 141 F.3d 533, 549 (4th Cir. 1998).  In the context of fee-shifting under other civil rights statutes, as authorized by 42 U.S.C. § 1988, the Fourth Circuit has included in the costs that may be charged to losing defendants, "those reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the course of providing legal services."  *Spell v. McDaniel*, 852 F.2d 762, 771 (4th Cir. 1988) (citing *Northcross v. Board of Educ. of Memphis City Schools*, 611 F.2d 624, 639 (6th Cir. 1979)); *Daly*, 790 F.2d at 1084.  Examples of types of

costs that have been charged to losing defendants include travel, depositions and transcripts, computer research, postage, court costs, and photocopying.  *Vaughns v. Board of Educ. of Prince George's County*, 598 F. Supp. 1262, 1289-90 (D. Md. 1984).  The court should exercise its discretion to award the costs requested here.

**5.      Conclusion.**

For the reasons set forth above, the court should:

(A)  Grant Plaintiffs' motion for judgment by default; and

(B)  Award damages against Defendant in the amounts of $27,001.08 to Nelson Flores; $20,751.94 to Fredys Lopez; $15,064.52 to Jorge Herrera; $9,166.82 to Francis Umansor; $7,294.36 to Moises Martinez; and $2,581.68 to Adalaberto Zelaya, for a total of $81,860.40, plus attorneys' fees in the amount of $15,833.00, and costs in the amount of $700.80 for a total award of $81,464.00.


Date:  October 24, 2014                          _____/S/_____
                                                             JILLYN K. SCHULZE
                                                          United States Magistrate Judge