IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MOISES MARTINEZ, et al.          :
                                 :
    v.                           :   Civil Action No. DKC 13-1563
                                 :
CAPITOL DRYWALL, INC, et al.     :
                                 :

**MEMORANDUM OPINION AND ORDER**

This case was referred to Magistrate Judge Jillyn K. Schulze for a Report and Recommendation concerning a motion for default judgment against Hector Vitela. The Report issued on October 24, 2014 and was corrected on October 30, 2014. Plaintiffs object to only a portion of the Report, specifically the portion recommending that treble damages not be awarded because Defendant lacked notice.

The remaining plaintiffs are six laborers who were employed by Capitol Drywall, Inc. to perform drywall installation work at the National Navy Medical Center between September 2010 and the summer of 2011. They filed suit against Capitol Drywall and its owner, Hector Vitela, alleging violations of the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). The plaintiffs settled with Capitol Drywall, but contend that Hector

Vitela, who is in default, is also responsible for payment of damages.

After reviewing applicable law, Magistrate Judge Schulze agreed with Plaintiffs' assertions and calculations for unpaid wages, attorneys' fees, and costs.  She recommended against awarding treble damages under the MWPCL, however, because the judicial decisions at the time of Mr. Vitela's default precluded such an award.  Instead, she recommended awarding liquidated (or double) damages under the FLSA.  As noted above, Plaintiffs take exception to that part of the Report and Recommendation.

Judge Hollander explained in *International Painters and Allied Trades Industry Pension Fund v. Libmak Co.*, LLC, Civ. Action No. ELH-12-1125, 2012 WL 5947335, at *2 (D.Md. Nov. 27, 2012):

> A party who is aggrieved by a magistrate judge's report and recommendation as to a dispositive motion must file "specific written objections to the proposed findings and recommendations" within fourteen days. Fed.R.Civ.P. 72(b)(2). The district judge must then "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed.R.Civ.P. 72(b)(3).  But, the Court "need only conduct a de novo review of those portions of the Magistrate Judge's Report and Recommendation to which objection is made." *Chavis v. Smith*, 834 F.Supp. 153, 154 (D.Md.1993). As to those portions of the report for which

>there is no objection, the district court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee note), *cert. denied*, 546 U.S. 1091, 126 S.Ct. 1033, 163 L.Ed.2d 855 (2006).

Federal Rule of Civil Procedure 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Thus, where a complaint specifies the amount of damages sought, the plaintiff is limited to entry of a default judgment in that amount. "[C]ourts have generally held that a default judgment cannot award additional damages ... because the defendant could not reasonably have expected that his damages would exceed that amount." *In re Genesys Data Technologies, Inc.*, 204 F.3d 124, 132 (4th Cir.2000). Where a complaint does not specify an amount, "the court is required to make an independent determination of the sum to be awarded." *Adkins v. Teseo*, 180 F.Supp.2d 15, 17 (D.D.C.2001) (*citing S.E.C. v. Management Dynamics, Inc.*, 515 F.2d 801, 814 (2d Cir. 1975)); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir.1981)). The court may hold a hearing to consider evidence as to damages, but

it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F.Supp.2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir.1979)); *see also Laborers' District Council Pension, et al. v. E.G.S., Inc.*, Civ. No. WDQ-09-3174, 2010 WL 1568595, at *3 (D.Md. Apr. 16, 2010) ("[O]n default judgment, the Court may only award damages without a hearing if the record supports the damages requested.").

Here, Judge Schulze limited Plaintiffs' relief to the type of damages case law had determined were available at the time of Mr. Vitela's default. In doing so, she extended the rationale of Rule 54(c) beyond its intended contours. As recently explained in *Pauta v. Aena Mechanical Corp.*, No. 11cv6374, 2014 WL 3855025, at *1 (S.D.N.Y. July 25, 2014):

> "By limiting damages to what is specified in the 'demand for judgment,' [Rule 54(c)] ensures that a defendant who is considering default can look at the damages clause, satisfy himself that he is willing to suffer judgment in that amount, and then default without the need to hire a lawyer." *Silge v. Merz*, 510 F.3d 157, 160 (2d Cir.2007) (footnote omitted). Notice of the damages sought must "come *before* the decision to default and be evident from the face of the complaint." *Silge*, 510 F.3d at 161 (emphasis in original).

4

Furthermore, "[c]ourts may award damages in the absence of an ad damnum clause articulating a sum certain, so long as those damages do not depart from the type of relief sought in the complaint."  *Pauta*, 2014 WL 3855025, at *1; *Braccia v. D'Blass Corp.*, No. 08 Civ. 08927(LTS) (KNF), 2011 WL 2848146, at *6 (S.D.N.Y. June 13, 2011); *Carrasco v. W. Vill. Ritz Corp.*, No. 11 Civ. 7843(DLC), 2012 WL 3822238, at *1-2 (S.D.N.Y. Sept.4, 2012).  Thus, Rule 54(c) only limits damages to the type sought in the complaint and not to damages available at the time of default.  At the time judgment is entered, the court determines whether the damages sought in the complaint are legally available.  Accordingly, Judge Schulze erred in restricting Plaintiffs to the recovery of liquidated damages, rather than treble damages.  Otherwise, the Report and Recommendation is supported.

Accordingly, it is this 9th day of December, 2014, by the United States District Court for the District of Maryland, ORDERED that:

1.   Plaintiffs' objection to the Report and Recommendation BE, and the same hereby IS, SUSTAINED;

2. Plaintiffs are entitled to treble damages, rather than merely liquidated damages;

3. Otherwise, the Report and Recommendation BE, and the same hereby IS, ADOPTED;

4. Judgment BE, and the same hereby IS, ENTERED, against Defendant Hector Vitela, in the total amount of $163,324.41, consisting of: $44,501.62 in favor of Nelson Flores; $35,127.92 in favor of Fredys Lopez; $26,596.78 in favor of Jorge Llamas Herrera; $17,750.23 in favor of Francis Umansor; $7,872.52 in favor of Adalberto Zelaya; $14,941.54 in favor of Moises Martinez; plus $15,833 in attorneys' fees, and $700.80 in costs in favor of the Public Justice Center, Inc.; and

5. The Clerk will transmit copies of this Order to counsel for the parties.

                                                      /s/  
                                      DEBORAH K. CHASANOW  
                                      United States District Judge